THOMAS P. QUINN, JR. (State Bar No. 132268)
NOKES & QUINN
410 BROADWAY, SUITE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com
Attorneys for Defendant EQUIFAX INFORMATION SERVICES LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

SHANNON SLOCUM,

      Plaintiff,

vs.

JPMORGAN CHASE BANK, et al.,

      Defendant.

Case No: 8:19-cv-00620-JVS-KES

**ORDER RE AMENDED STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Shannon Slocum and Defendants JPMorgan Chase Bank, Trans Union, LLC, Equifax Information Services, LLC and Experian Information Solutions, Inc., through their respective attorneys of record, to seek entry of an Order pursuant to Fed. R. Civ. P. 26(c) as follows:

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

WHEREAS, in the course of these proceedings documents and information have been and may be sought, produced, or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology, or other proprietary information belonging to Defendants,

WHEREAS, these documents and information consists of highly confidential research, development, technology, policies, procedures and other proprietary information regarding Defendants' efforts to ensure maximum possible accuracy in the reporting and the reinvestigation of disputed credit information,

WHEREAS, These proprietary procedures have been independently developed by each Defendant over the course of many years,

WHEREAS, Defendants are business competitors and the unprotected disclosure of such information will work a clearly defined and serious injury and expose Defendants to a risk of losing competitive advantage in the marketplace,

WHEREAS, although Defendants are well aware of the important role they play with respect to consumer credit, the unrestricted disclosure of the Defendants' proprietary procedures will not further the public interest, and, in fact, may harm the public interest by exposing the inner workings of Defendants' policies and procedures regarding consumer credit information to potential fraudsters, identity thieves, and computer hackers,

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

THEREFORE, good causes exists for protecting the confidentiality of the aforesaid trade secrets, confidential research, development, technology, or other proprietary information belonging to Defendants, and an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

2.   DEFINITIONS

2.1   Challenging Party:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:   information (regardless of how it is generated, stored or maintained) or tangible things regarding Defendants proprietary policies, procedures, technology, systems, and research that they have independently developed and/or which could be exploited by criminals, fraudsters, or computer hackers to perpetrate fraud or compromise the integrity of Defendants'

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

credit reporting, and therefore which qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

5.    DESIGNATING PROTECTED MATERIAL

   5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under

this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards.

   If it comes to a Designating Party's attention that information or items that it

designated for protection do not qualify for protection, that Designating Party must

promptly notify all other Parties that it is withdrawing the mistaken designation.

   5.2    Manner and Timing of Designations.  Except as otherwise provided in

this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or

produced.

   Designation in conformity with this Order requires:

   (a)    for information in documentary form (e.g., paper or electronic

documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

page that contains protected material.  All information designated as

"CONFIDENTIAL" shall be used solely for the purpose of this action, and no

person receiving such information shall, directly or indirectly, use, transfer,

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

disclose, or communicate in any way the information to any person other than those specified in paragraph 7.2. Any other use is prohibited. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony that contains confidential information, may be designated "CONFIDENTIAL" and thereby

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

obtain the protections accorded other "CONFIDENTIAL" information. All information designated as "CONFIDENTIAL" shall be used solely for the purpose of this action, and no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in paragraph 7.2. Any other use is prohibited.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." All information designated as "CONFIDENTIAL" shall be used solely for the purpose of this action, and no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in paragraph 7.2. Any other use is prohibited. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) If a party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents or deposition testimony it designates as "CONFIDENTIAL" are disclosed to all other Parties or non-parties to this action, the producing Party may designate the particular information as "HIGHLY CONFIDENTIAL—

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

ATTORNEY'S EYES ONLY." Information marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" receive the same protections as "CONFIDENTIAL" information but is further limited in how it may be used or disseminated. All information designated as "HIGHLY CONFIDENTIAL— ATTORNEY'S EYES ONLY" shall be used solely for the purpose of this action, and no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in paragraph 7.3. Any other use is prohibited.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may mount a challenge to the designation of material as "CONFIDENTIAL" at any time consistent with the case scheduling order. Specifically, challenges made after the final discovery cut-off will be deemed untimely.

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The written notice must comply with the requirements of Local Rule 37-1. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must engage in a Pre-Filing Conference of Counsel as set forth in Local Rule 37-1 within 10 days after the Challenging Party serves the written notice. In conferring, the Challenging Party must explain in writing the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the parties shall formulate a written stipulation as set forth in Local Rule 37-2. The Party seeking the change ("Challenging Party") shall bear the responsibilities of the moving party set forth in Local Rule 37-2. At the Rule 37-3 hearing on the Challenging Party's motion, the Producing Party shall have the

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). Frivolous challenges by the Challenging Party, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation (provided that no former employees shall be shown documents prepared after the date of his or her departure);

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation (provided that no former employees shall be shown documents prepared after the date of his or her departure);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise covered in subparagraphs 7.2(a)-(e) or agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)  fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information.

7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation (provided that no former

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

employees shall be shown documents prepared after the date of his or her departure);

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise covered in subparagraphs 7.2(a)-(e) or agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

7.4    Each person appropriately designated pursuant to paragraph 7.1(c) or 7.2(b) to receive information marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall execute a "Acknowledgment and Agreement to Be Bound" in the form attached as Exhibit A. If such person shall receive Designated Information from more than one Party, a separate Written Assurance shall be executed for each set of Protected Information. Counsel for the receiving party seeking to disclose Protected Information to a person executing an "Acknowledgment and Agreement to Be Bound" shall be named in the "Acknowledgment and Agreement to Be Bound," and shall provide a copy of the "Acknowledgment and Agreement to Be Bound" to counsel for the Designating Party prior to disclosure of the Protected Information to the person executing the "Acknowledgment and Agreement to Be Bound." If a Party objects in writing to such disclosure prior to disclosure, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A party wishing to file Protected Material with the Court shall seek leave to file under seal in accordance with the procedures outlined in Local Civil Rule 79-5. For Protected Material attached to dispositive motions, the filing party must show that "compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pacific Creditors Assoc.*, 504 F.3d 792 (9th Cir. 2007). For Protected Material attached to non-dispositive motions, a "good cause showing under Rule 26(c) will suffice to keep sealed" the Protected Material. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). ~~In the absence of a challenge to the designation of Protected Material as set forth above in Section 6, adherence to this Protective Order shall constitute good cause to keep sealed properly designated Protected Material attached to a non-dispositive motion.~~

12.4 Waiver. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

position as to discoverability or admissibility of evidence. Neither the entry of this Order nor the designation of any information as "Confidential," or "Highly Confidential—Attorney's Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12.5 The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

12.6 The Parties cannot use or disclose any Protected Information in any pretrial court proceeding that is open to persons not authorized to have access to such Protected Information under the terms of this Order. This provision does not limit the right of any of the Parties to submit any Protected Information to the Court *with an application to file it* under seal as described above.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all court filings, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:        September 13, 2019        KAZEROUNI LAW GROUP APC

                                        By:*/s/ Matthew M. Loker (with consent*
                                            Matthew M. Loker
                                            Counsel for Plaintiff
                                            SHANNON SLOCUM

Dated:        September 13, 2019        NOKES & QUINN APC

                                        By: */s/ Thomas P. Quinn, Jr.*
                                            Thomas P. Quinn, Jr.
                                            Counsel for Defendant
                                            EQUIFAX INFORMATION
                                            SERVICES, LLC

AMENDED STIPULATED PROTECTIVE ORDER

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

Dated: September 13, 2019     JONES DAY

By:*/s/ Katherine A. Neben (with consent)*
    Katherine A. Neben
Counsel for Plaintiff
EXPERIAN INFORMATION
SOLUTIONS, INC.

Dated: September 13, 2019     MUSICK PEELER & GARRETT LLP

By: */s/ Donald E. Bradley (with consent)*
    Donald E. Bradley
Counsel for Defendant
TRANS UNION, LLC

Dated: September 13, 2019     MCGLINCHEY STAFFORD

By: */s/ Dhruv Sharma (with consent)*
    Dhruv Sharma
Counsel for Defendant
JP MORGAN CHASE BANK

## SIGNATURE CERTIFICATION

I, Thomas P. Quinn, Jr., attest that all other signatories concur in the contents of this stipulated protective order and authorize me to affix their electronic signatures to and file it with this court.

September 16, 2019       */s/ Thomas P. Quinn, Jr.*
                        Thomas P. Quinn, Jr.

**PURSUANT TO STIPULATION (Dkt. 54), IT IS SO ORDERED.**

Dated: September 16, 2019.

*Karen E. Scott*
Hon. Karen E. Scott
United States Magistrate Judge

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Central District of

California on _____ [date] in the case of *Shannon Slocum v.*

*JPMorgan Chase Bank et.,* Case No. 8:19-cv-00620-JVS-KES. I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order. I further agree to submit to the jurisdiction of the United

States District Court for the Central District of California for enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [full name]

of _____ [full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____